69 P.3d 119

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Adam Sebastian HILL, Defendant–Appellant.**

No. 29415.

Supreme Court of Idaho, Boise, April 2003 Term.

April 24, 2003.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Paul S. Sonenberg argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Justice.

This is an appeal from a conviction and sentence for the felony crimes of trafficking in methamphetamine by manufacturing and possession of methamphetamine. Because the district court instructed the jury that they could discuss the case among themselves during the trial, we vacate the judgment and remand this case for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

The State charged Adam Hill (Defendant) with the felony crimes of trafficking in methamphetamine by manufacturing and possession of methamphetamine. He pled not guilty and was tried before a jury that included two alternate jurors. At the beginning of the trial, the district court gave the jurors several initial jury instructions, including one informing them that they could discuss the case among themselves during the trial. The relevant portion of that instruction was as follows:

It is important that as jurors and officers of this court you obey the following instructions at any time you leave the jury box, whether it be for recesses of the court during the day or when you leave the courtroom to go home at night.

First, do not talk about this case with anyone else during the course of the trial. In fairness to both sides, you should keep an open mind throughout the trial and not form or express any final opinions about the case while it is being presented. You may discuss this case among yourselves during the progress of the trial provided you understand the following conditions: (1) all discussions must take place in the jury room, (2) all jurors and alternates must be present during such discussions, and (3) you reach no *final* decisions on any contested questions, remembering that you are only making temporary assessments as the case progresses. You should only reach your final decision after you have heard all the evidence, my final instructions and the final arguments, and it is submitted to you for your final decision.

Thereafter, whenever the jury left the courtroom, the district judge told them to "remember your admonition."

After a three-day trial, the jury returned a verdict of guilty on both charges. The Defendant timely appealed. The appeal was initially heard by the Idaho Court of Appeals, which affirmed the conviction and sentence in an unpublished opinion on the ground that permitting the jurors to deliberate during the trial was harmless error. We then granted the Defendant's petition for review.

## II. ANALYSIS

The sole issue presented by this appeal is whether the district court committed reversible error by instructing the jurors before they heard any evidence that they could discuss the case among themselves during the course of the trial, in violation of Idaho Code § 19–2127. We addressed this issue in *State v. McLeskey*, 138 Idaho 691, 69 P.3d 111, (2003), where the same district judge gave a virtually identical instruction at the commencement of the jury trial in that case. In *McLeskey*, we held the instruction error, vacated the defendant's conviction and sentence, and remanded the case for further proceedings. The State has not offered any argument to distinguish this case from *State v. McLeskey*. Therefore, we vacate the Defendant's conviction and sentence and remand this case for further proceedings consistent with our opinion in *State v. McLeskey*.

## III. CONCLUSION

The Defendant's conviction and sentence are vacated and this case is remanded for further proceedings.

Chief Justice TROUT and Justices SCHROEDER, WALTERS and KIDWELL concur.